UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

NIKOLAY LEVINSON,

*Plaintiff*,

– against –

UNITED STATES OF AMERICA, FEDERAL
BUREAU OF PRISONS, and METROPOLITAN
DETENTION CENTER,

*Defendants.*

**MEMORANDUM & ORDER**
23-cv-04853 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

Before the Court is defendants' Motion to Dismiss, ECF No. 19,[1] plaintiff Nikolay

Levinson's complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1)

and 12(b)(6). Plaintiff brings this action against defendants under the Federal Tort Claims

Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–80, alleging negligence and medical malpractice.

For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

*A.  Plaintiff's Rib Injury and Treatment*

Plaintiff alleges that he was sitting on a chair in his Metropolitan Detention Center

("MDC") cell in December 2021. Plaintiff "leaned over to the left to grab something" and

---

[1]     The Court hereinafter refers to the Memorandum of Law in Support of Defendants'
Motion to Dismiss, ECF No. 19-1, as the "Motion"; plaintiff's Response in Opposition re
Defendants' Motion to Dismiss, ECF No. 21, as the "Opposition"; and the Reply
Memorandum of Law in Further Support of Defendants' Motion to Dismiss, ECF No. 22,
as the "Reply."

cracked his "left ribcage" on the chair's armrest. Compl. 5, ECF No. 1[2]; Ex. A 2, ECF No. 19-3.[3] He alleges having told the on-duty officer hours before that the chair armrests were "too solid and defective." Compl. 5. After a "few days" of "a lot of pain," plaintiff messaged Federal Bureau of Prison ("BOP") medical staff explaining his injury and resulting pain, and requested an X-ray. Ex. B 2, ECF No. 19-4. Eighteen minutes later, BOP medical staff responded informing plaintiff that he had been scheduled for a sick call visit. Ex. C 2, ECF No. 19-5.

A week later, plaintiff was examined by a BOP clinician who observed that he had injured his left "10th [or] 11th ribs." Ex. A 3. The medical official observed a "tender area," but no "cracking sensation[s]," "deformities," "bruises," "hematomas," "wheezing," "rhonchi," or "rales." Ex. A 3. Plaintiff was prescribed Ibuprofen, and his provider also made a radiology request, resulting in plaintiff undergoing an X-ray. Ex. A 3, 7. Plaintiff's X-ray report showed a "displaced fracture[]" of the "left anterior ninth and 10th ribs" but "[n]o other rib fractures." Ex. A 7.

In March 2022, plaintiff was transferred to FCI Danbury, where his medical intake screening report indicated that previously recorded "[p]ain on [his] left rib cage" was

---

[2]      Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[3]      In weighing the sufficiency of plaintiff's claims, the Court may consider "documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007) (quoting *Brass v. Am. Film Tech.*, 987 F.2d 142, 150 (2d Cir. 1993)). And in suits requiring administrative exhaustion, "a court may take judicial notice of the records and reports of the relevant administrative bodies, as well as the facts set forth therein." *Moreau v. Peterson*, No. 14-cv-00201, 2015 WL 4272024, at *3 (S.D.N.Y. July 13, 2015), *aff'd*, 672 F. App'x 119 (2d Cir. 2017). As each exhibit attached to defendants' Motion was either known to plaintiff or a BOP administrative report or record, the Court takes notice of these exhibits. *See generally* Opp'n; *see also* Glucksnis Decl., ECF No. 19-2.

"[r]esolved." *See, e.g.*, Ex. A 32, 41. Plaintiff's medical records reflect that he did not take "any medications," had "no chronic maladies," and denied having "any concerns." Ex. A 20.

### B. *Plaintiff's FTCA Claim*

In October 2022, plaintiff mailed BOP a form explaining how he sustained his "fractured ribcage" and alleging he was told (he does not mention by whom) that he did not "have any injuries" and that he "did not get medical treatment." Ex. E 2, ECF No. 19-7. Plaintiff's form demanded $400,000 in damages. In June 2023, BOP denied plaintiff's personal injury claim on the basis that there was "no evidence [he] experienced a compensable loss as the result of negligence on the part of any Bureau of Prisons employee." Ex. F 2, ECF No. 19-8.

Shortly thereafter, plaintiff filed this action alleging negligence and malpractice under the FTCA. Compl. 1, 6. Plaintiff primarily asserts that, despite telling his medical provider about his injury and receiving an X-ray that "showed a displaced fracture," he "did not get any medical treatment or surgery." Compl. 5. As a result, the fracture "healed incorrectly with a displacement," leading to chronic pain in his left ribcage. Compl. 5. In his Opposition, plaintiff states that it is "self-explanatory" that the "defective chair" in his cell was the "proximate cause" of his injury. Opp'n at 1.

### LEGAL STANDARD

A district court must dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In making this determination, the Court must "accept as true all material factual allegations in the complaint." *Winik v. United*

*States*, No. 18-cv-01223, 2018 WL 3518526, at *3 (E.D.N.Y. July 20, 2018) (quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)). The plaintiff asserting subject matter jurisdiction "has the burden of proving by a preponderance of the evidence that it exists." *Huntress*, 810 F. Appx. at 75–76. In resolving a motion to dismiss under Rule 12(b)(1), "a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

When deciding a motion to dismiss under Rule 12(b)(6), a court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014).[4] Factual disputes are typically not the subject of the Court's analysis at this stage, as Rule 12(b)(6) motions "probe the legal, not the factual, sufficiency of a complaint." *Plastic Surgery Grp., P.C. v. United Healthcare Ins. Co. of N.Y., Inc.*, 64 F. Supp. 3d 459, 468–69 (E.D.N.Y. 2014). Accordingly, "[d]ismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." *Panse v. Eastwood*, 303 F. App'x 933, 934 (2d Cir. 2008) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). At the same time, plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007). Conclusory allegations and legal conclusions masquerading as factual conclusions do not suffice to prevent a motion to dismiss. *Nwaokocha v. Sadowski*, 369 F. Supp. 2d 362, 366 (E.D.N.Y. 2005).

---

[4]    Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

When a court is faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the court "must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Pressley v. City of New York*, No. 11-cv-03234, 2013 WL 145747, at *5 (E.D.N.Y. Jan. 14, 2013); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155–56 (2d Cir. 1993).

The Court holds a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The pleadings and allegations of *pro se* plaintiffs must be construed liberally and to "raise the strongest arguments they suggest" for the purposes of deciding motions pursuant to Rules 12(b)(1) and 12(b)(6). *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 439 (S.D.N.Y. 2020); *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). However, even in a *pro se* case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and the Court may not "invent factual allegations that [a plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

### I.   Sovereign Immunity

Plaintiff's claims against the BOP and MDC must be dismissed for lack of subject matter jurisdiction because they are improper parties under the FTCA.

The FTCA is a "limited waiver by the United States of its sovereign immunity" for claims "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or

employment . . . ." 28 U.S.C. § 2679(b)(1). A federal agency is not a proper defendant under the FTCA; only the United States can be sued for claims within the law's scope. *Id.*; *Simmons v. Himmelreich*, 578 U.S. 621, 625 (2016) (explaining that the FTCA does not allow for suits against agencies for claims within its scope). BOP and MDC are entities under the U.S. Department of Justice, a federal agency. Accordingly, they are improper defendants in an FTCA action. *Levinson v. U.S. Fed. Bureau of Prisons, Metro. Corr. Ctr.-N.Y.*, 594 F. Supp. 3d 559, 569 (S.D.N.Y. 2022).[5] As a result, the Court does not have jurisdiction over plaintiff's claims against the BOP and MDC and therefore those claims are dismissed with respect to those defendants.

II.   Failure to Administratively Exhaust Negligence Claim

The court construes plaintiff's complaint to bring a negligence claim based on his allegations that, although he "told the officer on duty a few hours before [his injury] that the chair armrests were too solid and defective," the chair was not removed from his cell. Compl. at 5; Opp'n at 1 (explaining that "[t]he defective chair was proximate cause to the fracture"). The Court does not have jurisdiction over plaintiff's negligence claim as plaintiff has failed to exhaust his administrative remedies.

In order to bring an FTCA claim, a plaintiff must "exhaust all administrative remedies before filing a complaint in federal district court." *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Administrative exhaustion is a jurisdictional requirement that "cannot be waived." *Id.* Plaintiffs bear the burden "to both plead and prove compliance with the [FTCA's] statutory requirements." *In re Agent*

---

[5]   Plaintiff has already been informed of this. Magistrate Judge Katherine H. Parker found that plaintiff's claims against BOP and the Metropolitan Correctional Center had to be dismissed because they were "not proper defendants under the FTCA." *Levinson*, 594 F. Supp. 3d at 569.

*Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1986); *Bonifacio v. United States*, No. 16-cv-08379, 2020 WL 5801475, at *4 (S.D.N.Y. Sept. 28, 2020). This is so whether the plaintiff is proceeding *pro se* or with counsel. *Bonifacio*, 2020 WL 5801475, at *4 (quoting *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004)).

To exhaust administrative remedies for claims arising out of events that occurred while a plaintiff was incarcerated in a federal facility, a plaintiff must file "an FTCA claim with the Bureau of Prisons (BOP) regional office," *Vailette v. Lindsay*, No. 11-cv-03610, 2014 WL 4101513, at *5 (E.D.N.Y. Aug. 18, 2014) (citing 28 C.F.R. § 543.31(a)), using a Standard Form 95 ("SF-95"), *Cheng v. United States*, --- F. Supp. 3d ----, 2024 WL 1309016, at *6 (S.D.N.Y. 2024) (citing 28 U.S.C. § 2675(a)). If the plaintiff is "dissatisfied with the final agency action," such as a claim denial, he "may file suit in an appropriate United States District Court." 28 C.F.R. § 543.32(f); *Hartman v. Holder*, No. 00-cv-06107, 2005 WL 2002455, at *7 (E.D.N.Y. Aug. 21, 2005) (explaining that "[d]enial of a claim by [BOP regional counsel] is considered a final agency action for exhaustion purposes").

Here, plaintiff must allege that he has exhausted *both* his medical malpractice and negligence claims, which he has not done. *See, e.g.*, *Valentine v. Lindsay*, No. 10-cv-00868, 2011 WL 3648261, at *8 (E.D.N.Y. Aug. 17, 2011) (separately analyzing administrative exhaustion of two different injuries).

Plaintiff submitted one administrative tort claim regarding his "fractured ribcage." Glucksnis Decl. ¶ 11; Ex. E 2, 4. That SF-95 alleges medical malpractice based on a lack of treatment. That claim was denied, *see* Ex. F 2, and is therefore proper basis for an FTCA suit in this Court.

However, plaintiff's SF-95 does not contain separate negligence allegations stemming from prison officials' failure to remove his chair. Ex. E 2. Specifically, plaintiff's SF-95 explains the cause of his injury, "lean[ing] over to grab something from [his] closet" and his "left ribcage crack[ing]"; that he was not informed of any injuries afterwards, despite the "X-ray say[ing] fracture"; and that he "did not get medical treatment." Ex. E 2. The only document attached to plaintiff's SF-95, his X-ray report, is not relevant to his negligence claim. *See* Ex. E 2, 4. Accordingly, plaintiff has failed to sufficiently allege administrative exhaustion of his negligence claim, and his claim for negligence against the United States based on its failure to remove the "defective" chair from his cell is dismissed without prejudice for lack of subject matter jurisdiction. *See Morales v. Mackalm*, 278 F.3d 126, 128 (2d Cir. 2002) ("If a district court dismisses a prisoner's complaint for failure to exhaust administrative remedies, it should do so without prejudice"), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002).

III.     Failure to State a Claim for Medical Malpractice

Defendants also move to dismiss plaintiff's complaint for failing to state a claim under Rule 12(b)(6). As to plaintiff's medical malpractice claim, defendants contend that the complaint identifies neither "any deviation or departure from accepted medical practice" nor that "any such deviation . . . was a proximate cause of any injury." Mot. 6. In response, plaintiff argues that, because he alleged defendants' failure to provide "medical treatment or surgery" after his injury, and because *res ipsa loquitur* allows for an inference that a lack of treatment caused improper healing, he has stated a claim for medical malpractice. Opp'n at 1.

Medical malpractice is a common law tort actionable under Section 2674 of the FTCA. 28 U.S.C. § 2674. Liability for an FTCA claim is determined by state law. 28 U.S.C.

§ 1346(b)(1); *see Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021). Because plaintiff's medical malpractice theory stems from conduct occurring at MDC, New York law governs. To state a claim for medical malpractice under New York law, a plaintiff must allege "(1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury." *Ongley v. St. Luke's Roosevelt Hosp. Ctr.*, 725 F. App'x 44, 46 (2d Cir. 2018).

For the reasons stated below, plaintiff has failed to state a medical malpractice claim and therefore the remainder of his complaint is dismissed without prejudice.

First, plaintiff's complaint fails to establish that any treatment decision was a "deviation or departure from accepted medical practice." *Id*. Plaintiff alleges that he "did not get any medical treatment or surgery" after an X-ray "showed a displaced fracture." Compl. 5; *see also* Ex. A 7. But plaintiff does not explain how any lack of treatment after his X-ray was out of line with any "community standard of care." *Valentine*, 2011 WL 3648261, at *9. *See also Rivera v. Fed'l Bureau of Prisons*, No. 17-cv-05103, 2018 WL 11312146, at *11 (S.D.N.Y. Dec. 14, 2018), *report and recommendation adopted*, 368 F. Supp. 3d 741 (S.D.N.Y. 2019) (clarifying that the "acceptable medical practice" standard is not BOP-specific, but relative to medical care administered by plaintiff's non-BOP providers prior to incarceration). For example, plaintiff does not allege that, after a patient is diagnosed with a displaced rib fracture, surgery is the accepted medical practice.

Because a "lack of medical treatment" after his injury is central to plaintiff's medical malpractice claim, his failure to allege any facts suggesting that BOP officials differed from "acceptable practice" is fatal to this claim. Opp'n at 1; *see Carter v. United States*, No. 22-cv-06715, 2024 WL 1345313, at *9 (E.D.N.Y. Mar. 29, 2024) (finding that plaintiff insufficiently alleged medical malpractice where he did "not allege how the

failure to receive medical care . . . constitute[d] a deviation from accepted medical care"); *see also Skyers v. United States*, No. 12-cv-03432, 2013 WL 3340292, at *14 (S.D.N.Y. July 2, 2013) (dismissing an FTCA medical malpractice claim in part because plaintiff failed to allege any facts that his BOP doctor "departed from any medical practice").

Second, even if plaintiff had alleged that defendants' failure to provide additional care or surgery after the X-ray deviated from community standards, plaintiff does not allege facts to support the proximate cause requirement. A "defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury." *Dooley v. United States*, 83 F.4th 156, 162 (2d Cir. 2023); *Mazella v. Beals*, 27 N.Y.3d 694, 706 (2016) (medical malpractice claim). "By contrast, proximate cause will be found lacking where the act merely furnished the occasion for but did not cause the injury." *Dooley*, 83 F.4th at 164.

Plaintiff's complaint fails to plausibly allege that any medical professional's deviation from accepted medical practice caused his injuries. Plaintiff alleges no facts suggesting that his fracture "healed incorrectly with a displacement" due to inaction by BOP medical officials. Compl. 1. Nor does his complaint contain any allegations suggesting that a lack of treatment resulted in his "chronic pain." Compl. 5. Instead, plaintiff urges the Court to jump to his conclusion that a lack of additional treatment after the X-ray caused his fracture to "heal[] incorrectly." Opp'n at 1; *see also* Compl. 5 (describing displaced fractures and claiming plaintiff "[d]id not get medical treatment or surgery"). But plaintiff cannot sufficiently plead proximate cause through mere "conclusory allegations and legal conclusions masquerading as factual conclusions." *Nwaokocha*, 369 F. Supp. 2d at 366.

As such, plaintiff has failed to plead the second requirement for a medical malpractice claim. *See Jiminez v. United States*, No. 11-cv-04593, 2013 WL 1455267, at *6 (S.D.N.Y. Mar. 25, 2013) (dismissing FTCA medical malpractice claim for failure to state a claim where plaintiff failed to allege any injury that was the proximate result of the medical attention he received). *See also Isaac v. City of New York*, No. 17-cv-01021, 2018 WL 1322196, at *8 (S.D.N.Y. Mar. 13, 2018) (dismissing medical malpractice claim for failure to state a claim in part because "boilerplate statements" regarding causation were insufficient to state a claim). Plaintiff's allegation is especially implausible based on a medical report that, upon arrival to FCI Danbury in March 2022, he reported having no "concerns" or "chronic maladies." Ex. A 20.

Furthermore, plaintiff's reliance on *res ipsa loquitur* doctrine is without merit. *Res ipsa* is an evidentiary doctrine that permits "an inference of negligence" to be drawn "solely from the happening of [an] accident" on the theory that certain events "contain within themselves a sufficient basis for an inference of negligence." *Maitland v. Target Corp.*, No. 20-cv-03892, 2023 WL 6282918, at *7 (E.D.N.Y. Sept. 26, 2023) (quoting *County of Erie v. Colgan Air, Inc.*, 711 F.3d 147, 149 n.1 (2d Cir. 2013)). It is an evidentiary principle for the jury and "does not apply to pleading requirements." *Quintana v. B. Braun Med. Inc.*, No. 17-cv-06614, 2018 WL 3559091, at *5 (S.D.N.Y. July 24, 2018) (quoting *Chauvet v. Local 1199, Drug, Hosp. & Health Care Employees Union*, No. 96-CV-02934, 1996 WL 665610, at *18 (S.D.N.Y. Nov. 18, 1996)). Therefore, plaintiffs cannot plead *res ipsa* to "be subject to [a] less stringent causation requirement." *Quintana*, 2018 WL 3559091, at *5.

But even if *res ipsa loquitur* could replace pleading requirements, plaintiff's attempt to bolster his complaint based on this doctrine would be unavailing. This is because plaintiff's allegations concede that he contributed to his injury.

To prevail on a theory of *res ipsa loquitur*, a plaintiff must plausibly allege that: "(1) the event was of a kind which normally does not occur in the absence of someone's negligence; (2) it was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it was not due to any voluntary action on the part of the plaintiff." *USAA Cas. Ins. Co. v. Permanent Mission of Republic of Namibia*, No. 10-cv-04262, 2010 WL 4739945, at *5 (S.D.N.Y. Nov. 17, 2020) (assessing the doctrine's applicability on a 12(b)(6) motion) (quoting *Potthast*, 400 F.3d at 149); *see also* Restatement (Second) of Torts § 328D (Am. L. Inst. 1965).

Here, plaintiff does not plausibly allege that his fracture and the manner in which it healed were "not due to any voluntary action or contribution" of his own. On the contrary, he specifically alleges that he voluntarily "leaned over to . . . grab something from the closet" with knowledge that the "armrests of the chair" were so "solid" as to be "defective." Compl. 5; *see also* Opp'n at 1. Defendant also alleges that he sustained his initial rib injury three days before he sought medical attention. Compl. 4; Opp'n at 5. As a result, the Court cannot make a plausible inference that plaintiff did not voluntarily contribute to his injury. *See Molina v. United States*, No. 11-cv-04097, 2015 WL 4394045, at *8 (E.D.N.Y. July 16, 2015) (explaining that *res ipsa loquitur* is generally inapposite in 'slip-and-fall' cases "given the possibility that the plaintiff's fall was caused by her own misstep"), *appeal dismissed*, (2d Cir. Mar. 17, 2016).[6]

---

[6]     To the extent plaintiff alleges improper healing as a separate injury, Opp'n at 1, he cannot escape his admission that he contributed to his own injury. *See, e.g.*, *Molina*, 2015

## CONCLUSION

For the reasons stated above, the Court **GRANTS** defendants' Motion and dismisses plaintiff's complaint in its entirety without prejudice. With respect to his medical malpractice claim, plaintiff is granted leave to amend his complaint within thirty (30) days of the date of this Order. Any new complaint must be captioned "Amended Complaint" and shall bear the same docket number as this order. If plaintiff does not file an amended complaint within thirty (30) days, this case will be dismissed.

**SO ORDERED.**

       */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:        September 5, 2024
              Brooklyn, New York

---

WL 4394045, at *8. For example, plaintiff fails to allege that he followed up with medical providers at all after the X-ray, despite experiencing "chronic pain." Compl. 5; Opp'n at 1 (neither disputing lack of outreach to BOP after December 16, 2021, nor providing records of further outreach).